CENTRAL TRUST CO. OF NEW YORK v. EAST TENNESSEE, V. & G. R. CO. (OLIVER, Intervener).

(Circuit Court, N. D. Georgia. June 1, 1895.)

No. 688.

Negligence—Inevitable Accident.

An engine was thrown from the track by running over some calves which sprang upon the track almost immediately in front of the moving engine, which ran for some distance along the ties, and then turned over. *Held,* that the receivers operating the road could not be held responsible for injuries to the engineer primarily caused by this inevitable accident, even though they had failed to exercise due care in selecting the brakemen, whose inefficiency was alleged to have caused the overturning of the engine.

This was an intervening petition filed by J. W. Oliver, in the suit of the Central Trust Company of New York against the East Tennessee, Virginia & Georgia Railroad Company, claiming damages for personal injuries. The petition was referred to a master, who reported adversely to the petitioner. Exceptions to the master's report were duly filed.

King & Anderson, for intervener.
De Lacy & Bishop, for defendant.

NEWMAN, District Judge.    There is one conclusion to which the special master came in this case which must control it independently of questions raised by other exceptions to the master's report.    That conclusion is that the injury to the intervener was the result of an unavoidable accident, against which no sort of diligence could have been effective.    The accident which resulted in the injury for which this suit was brought was caused by the engine striking some calves on the track, causing the derailment of the engine and its overturning, by which the intervener, who was the engineer, was injured.    It appears from the testimony of the intervener that the calves sprang on the track almost immediately in front of the moving engine,—"in the headlight," as he expressed it.    The engine ran over the calves, and was caused thereby to mount the rails, and, after running some distance on the cross-ties, to leave the track, and turn over.

It has already been determined in this case, and also in former cases where the same question was raised, that an employé, such as this engineer, could not recover against a receiver of a railroad for an injury caused by the negligence of a fellow servant, as a brakeman would be to the engineer.    The right to recover, after the adjudication of this question, has been placed by the intervener on the ground that the brakemen, whose negligence it is claimed was the cause of the overturning of the engine, were unskillful and incompetent, and that the receivers were responsible for having such men in their employ.    The master has found this question of the receivers having incompetent employés against the intervener, and has reported that the evidence does not sustain the charge.    It is not altogether certain from the evidence, as reported by the master, that he is correct in this view, and it is not entirely clear from the evidence that the men were fitted for the positions or that due care was exercised in their selection.    It may be, however, that the finding of the master is not, on the other hand, so clearly erroneous as to justify the court in sustaining the exception on this ground, if it stood alone. But, be that as it may, and independently of it, it would be mere surmise to say that the negligence of the brakemen at the time or any general incompetency or unskillfulness on their part was the cause of the engine turning over and injuring the intervener.    It is not contended, as I understand it, that the derailment of the engine could have been prevented even if the brakes had been applied in the quickest and most skillful manner, but that the engine would not have upset if this had been done.    It can only be conjectured that the highest diligence and the greatest skill on the part of the brakemen might have prevented the unfortunate result. Certainly, from this evidence and the report of the special master, the court would not be justified in sustaining the exception, and setting aside the report, so far as the report is made on the ground that this was an unavoidable accident, for which the receivers were not responsible.    The exceptions will be overruled, and the report confirmed.